## GRANT v. RICKER.

1. MAGISTRATE—FINDING OF FACT.—ON APPEAL from Circuit Court findings of fact on appeal from magistrate are final, and cannot be reviewed here.
2. ESTOPPEL—HUSBAND AND WIFE—HORSE.—A wife being present and knowingly allowing her husband to execute and deliver a bill of sale on her horse, is afterwards estopped from setting up her title thereto as against such bill of sale.

Before KLUGH, J., Beaufort, March, 1899.   Affirmed.

Action in claim and delivery in magistrate court by Char-
lotte Grant against George F. Ricker.   From Circuit decree
dismissing plaintiff's appeal from magistrate, plaintiff ap-
peals.

*Mr. W. J. Verdier,* for appellant, cites: *Magistrate can-
not disregard uncontradicted evidence of unimpeached wit-
nesses:* 15 Rich., 63.   *There is no estoppel without fault to
the injury of another:* 13 S. C., 370.   *Acts of plaintiff not
acquiescence, because ignorant of her rights:* 26 S. C., 179.

*Mr. Thos. Talbird,* contra, cites: *Rule of estoppel by con-
duct applies here:* 13 S. C., 370; 3 Strob., 367.

March 3, 1900.   The opinion of the Court was delivered
by

MR. JUSTICE GARY.   This is an action of claim and de-
livery to recover possession of a mare which the plaintiff
alleges the defendant wrongfully took from her and unjustly
detains the same, to her damage seventy-five dollars.   The
defendant answered orally, denying generally the allegations
of the complaint.   After hearing the testimony, the magis-
trate rendered the following decision: "It appearing from
the evidence that the plaintiff knowingly allowed her hus-
band to execute and deliver a bill of sale of the property in
question to defendant, as of his own property, she being
present and voluntarily allowing defendant to believe that
the property was her husband's, and defendant so believing,
I hold that, even if the horse, the property in question, had
been the property of the plaintiff up to that time, which was
not conclusively established, she lost her right of ownership
and possession, so far as the defendant is concerned.   Judg-
ment is given against the plaintiff and for the defendant for
the possession of the property described in the complaint and
in the affidavit, or for the value thereof, fifty dollars, and for
the costs of this action."   The plaintiff appealed to the Cir-

cuit Court. Her appeal was dismissed, whereupon she appealed to this Court on the following exceptions : I. Because the Circuit Judge erred in affirming the decision of the magistrate and in dismissing the appeal. II. Because the uncontradicted testimony for the plaintiff showed the mare in question to be the property of the plaintiff, and it was error to find otherwise. III. Because there was no evidence that the plaintiff knew of or allowed her husband to execute and deliver a bill of sale of the property in question to the defendant, as of his own property. IV. Because there was no evidence that the defendant was induced by any act or word of the plaintiff to believe the property in question to be her husband's, and that he, acting under such belief, so induced, took the bill of sale. V. Because it was error to hold the plaintiff estopped from asserting her claim.

The first exception is too general for consideration. This is not a case in chancery, and the facts, therefore, can not be reviewed by this Court. This disposes of the second, third and fourth exceptions.

The magistrate found as matter of fact, "that the plaintiff knowingly allowed her husband to execute and deliver a bill of sale of the property in question to the defendant as of his own property, she being present and voluntarily allowing defendant to believe that the property was her husband's, and defendant so believed." This finding was affirmed by the Circuit Judge, and as hereinbefore stated cannot be reviewed by this Court.

The facts found by the magistrate show conclusively that the plaintiff was estopped from claiming the mare. The fifth exception is, therefore, overruled.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.